UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:24-cv-03921-MCS-MAA** | Date | June 5, 2024 |
| Title | ***Estremera v. Nissan N. Am., Inc.*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER REMANDING CASE (ECF NO. 11) (JS-6)**

The Court ordered Defendant Nissan North America, Inc., to show cause why the case should not be remanded because the amount in controversy is insufficient to support diversity jurisdiction. (OSC, ECF No. 9.) Defendant filed a response in which it argues that Plaintiffs Juana Estremera and Ermel Estremera's claims place over $75,000 in controversy. (OSC Resp., ECF No. 12.) Plaintiffs, on the other hand, filed a motion to remand based on defects in the removal procedure. (Mot., ECF No. 11.) Defendant opposes the motion to remand. (Opp'n, ECF No. 13.) The Court deems both matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.     **BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). According to the complaint, Plaintiffs purchased a 2021 Nissan Altima ("Vehicle") on January 9, 2022. The Vehicle suffered from "electrical, structural, engine, and emission system defects." Defendant was unable to timely rectify the defects and refused to replace the vehicle or provide restitution. The complaint seeks damages, rescission and restitution, diminution in value, incidental and

consequential damages, a civil penalty, attorney's fees and costs of suit, interest, and other relief. (*See generally* Compl., ECF No. 1-2.)

Plaintiffs initiated this proceeding in the Los Angeles County Superior Court, No. 23CHCV01400. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## III.    DISCUSSION

Given the complaint's invocation of the superior court's unlimited jurisdiction, (Compl. 1), the Court surmises that Plaintiffs assert the amount in controversy exceeds $25,000, *see* Cal. Civ. Code §§ 85(a), 88. But nothing in the complaint indicates whether the total amount Plaintiffs seek exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation

marks and citation omitted)). Thus, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### A.    Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant submits that, based on the total sale price of the Vehicle of $46,734.56, the complaint places damages of $40,908.66 in controversy after deductions. (OSC Resp. 5–6; May Decl. ¶ 5, ECF No. 1-1; *Id.* Ex. 3, ECF No. 1-4; Dye Decl. ¶ 3, ECF No. 12-1.) But the total sale price does not provide an appropriate starting point for the estimate of actual damages. Plaintiffs obtained the Vehicle with the support of a significant amount of financing; the $46,734.56 figure reflects the total amount Plaintiffs would pay after completing all payments, including an estimated finance charge of $11,467.93. (May Decl. Ex. 3, at 1.) But "the actual price paid or payable by the buyer includes only *paid* finance charges," not finance charges that have yet to accrue. *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)). Defendant does not provide an estimate of the finance charges Plaintiffs have paid thus far; instead, it assumes the full finance charges should factor into the calculation. Defendant also estimates the total payments Plaintiffs made under the sale contract without estimating how much they paid toward finance charges. (OSC Resp. 7.)

Thus, although Defendant concedes that installed nonmanufacturer items and optional service contracts do not factor into the damages calculation, Cal. Civ. Code § 1793.2(d)(2)(B); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 893 n.10 (S.D. Cal. 2021), and that the damages estimate is subject to a mileage offset, *id.* § 1793.2(d)(2)(C), without an estimate of finance charges paid to date, the Court has insufficient information to estimate actual damages in controversy.

### B.    Civil Penalty

Plaintiffs may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot

simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiffs plead entitlement to the penalty. (Notice of Removal ¶¶ 22; OSC Resp. 8–10.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that possibly would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant does not present any evidence or argument supporting the possible award of a civil penalty in this case, let alone evidence or argument justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Defendant has not established that the civil penalty is more likely than not in controversy.

Even if it had, because Defendant fails to establish actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

The Court accordingly declines to include a civil penalty in its calculation.

## C.   Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits, based on fee requests by plaintiff-side attorneys in SBA cases litigated up to or through trial, that fees in this case appropriately may be estimated as $40,000. (Notice of Removal ¶ 25; OSC Resp. 10–12.) But Defendant "provides no explanation for why this case is similar to ones that went to trial." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citations omitted)). All but one of the dozens of SBA cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other SBA cases present competent evidence of the fees that may accrue here, they do not provide probative evidence of the hours that might reasonably be expended in this case. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

Defendant also notes that Plaintiffs asserted in their state-court case management statement that they had incurred over $20,000 in fees and costs within five months of litigation. (Enav Decl. Ex. 5, at 7, ECF No. 11-6.) Like Defendant, (*see* OSC Resp. 11), the Court questions the credibility of this representation.

That said, crediting the representation would not change the outcome of the Court's jurisdictional inquiry. Even assuming Plaintiffs' representation of fees and costs incurred before removal provides credible evidence that $40,000 in fees are in controversy here, because Defendant fails to present a nonspeculative estimate of actual damages and a civil penalty, the Court cannot confirm the amount-in-controversy threshold is met.

### D.     Summary

The amount in controversy is not clear from the face of the complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

Because the Court lacks subject-matter jurisdiction, the Court does not reach Plaintiffs' arguments that defects in the removal procedure require remand.

## IV.     CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 23CHCV01400. The motion to remand is denied as moot. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**